**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4069**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK ALLEN JENKINS, a/k/a Ibrahim Ibn Abu-Nidal,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:14-cr-00016-F-1)

─────────────

Submitted: September 16, 2015      Decided: October 2, 2015

─────────────

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Leza Lee Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Allen Jenkins appeals the 78-month upward departure sentence imposed by the district court following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113 (2012). On appeal, Jenkins contends that the upward departure is substantively unreasonable in light of the age of the convictions on which the court relied to justify the departure. We affirm.

We review the sentence imposed by the district court for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). Because Jenkins does not claim on appeal that the district court committed any procedural error, we review only for substantive reasonableness under the totality of the circumstances. United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." Id. (internal quotation marks omitted).

The Sentencing Guidelines provide for an upward departure based on the inadequacy of a defendant's criminal history category "[i]f reliable information indicates that the defendant's criminal history category significantly underrepresents the seriousness of the defendant's criminal

2

history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2014). "A district court may base an upward departure pursuant to § 4A1.3(a)(1) on a defendant's prior convictions, even if those convictions are too old to be counted in the calculation of the [Sentencing] Guidelines range." Howard, 773 F.3d at 529.

We conclude that, under the totality of the circumstances, the district court did not abuse its discretion by imposing an upward departure upon finding that Jenkins' criminal history category significantly underrepresented the seriousness of his criminal history and his likelihood of recidivism. We further conclude that the court did not abuse its discretion in determining the extent of the upward departure, given Jenkins' extensive criminal history and his demonstrated recidivism.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED